UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GRANUCCI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | Case No. 1:22-cv-01428-JLT-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br>(Doc. 3) |
| STEPHEN GRANUCCI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | Case No. 1:22-cv-01483-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO RULE 42(a) AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br>(Doc. 5) |

Pending before the Court is Defendant United States Postal Service's ("Defendant") motions to dismiss for lack of jurisdiction. *Stephen Granucci v. United States Postal Service*, No. 1:22-cv-01428-JLT-CDB (Doc. 3) ("*Granucci I*"); *Stephen Granucci v. United States Postal Service*, No. 1:22-cv-01483-CDB (Doc. 5) ("*Granucci II*").[1]  Plaintiff Stephen Granucci

---

[1] The parties have consented to the jurisdiction of the United State Magistrate Judge in

("Plaintiff") did not file an opposition or any other response to Defendant's motion to dismiss, and the time to do so has passed.[2]

## BACKGROUND

On December 22, 2021, Plaintiff claims he shipped a Tiffany ring through the United States Post Office. *Granucci II* Compl. (Doc. 1-1). Plaintiff asserts the ring did not arrive at the destination and was not "tagged as dropped in the USPS tracking system." *Id*. Plaintiff asserts he followed Defendant's missing parcel and lost mail procedures, but he was provided no details about Defendant's investigations and the ring was not found. *Id*. Plaintiff alleges the ring was stolen by an employee of Defendant and filed a claim through Defendant's "process" but was denied. *Id*.

On August 25, 2022, Plaintiff filed an action against Defendant in Small Claims Court of California, Kern County. *Granucci I* Compl. (Doc. 1 at p.8). On October 28, 2022, Plaintiff filed a virtually identical action with the same allegations against Defendant in Small Claims Court of California, Kern County. *Granucci II* Compl. (Doc. 1-1). Defendant removed these small claim actions to this Court on November 3 and November 17, 2022, pursuant to 28 U.S.C.S. § 1442(a)(1). *Granucci I* Notice of Removal (Doc. 1).; *Granucci II* Notice of Removal (Doc. 1). Defendant filed motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure in both actions on November 8 and November 17, 2022. *Granucci I* Mot. Dismiss (Doc. 3).; *Granucci II* Mot. Dismiss (Doc. 5).

## LEGAL STANDARD

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay. Federal Rule Civil

---

*Granucci*, No. 1:22-cv-01483-CDB, and the case has been assigned to Magistrate Judge Christopher D. Baker for all purposes. *See Granucci II* (Doc. 9).

[2] Plaintiff's failure to file oppositions to Defendants' motions is construed as non-oppositions to dismissal. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

Procedure 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (*citing Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "Typically, consolidation is a favored procedure." *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)). In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

A motion under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction". *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Id*.

In a Rule 12(b)(1) motion, the plaintiff is entitled to safeguards similar to those applicable to a Rule 12(b)(6). *Yerike v. Majano*, No. 2:20-cv-25555 KJM DB PS, 2021 WL1854191, at *1 (E.D. Ca. May 10, 2021) (citing *Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994)). The court takes the allegations in the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The burden to demonstrate subject matter jurisdiction is on the party asserting the claim. *See Harris v. KM Indus., Inc.*, 980 F.3d 696, 699 (9th Cir. 2020).

## ANALYSIS

Defendant argues in both cases: (1) the Court lacks subject matter jurisdiction because the federal government has not waived sovereign immunity under the Federal Torts Claim Act ("FTCA") to sue federal agencies such as USPS [*see Granucci I* Mot. Dismiss (Doc. 3-1 at 2-4);

3

*Granucci II* Mot. Dismiss (Doc. 5-1 at 2-4)], and (2) the cases must be dismissed under the doctrine of derivative jurisdiction. *Granucci I* Mot. Dismiss (Doc. 3-1 at 4-5); *Granucci II* Mot. Dismiss (Doc. 5-1 at 4-5).

A. <u>Consolidation of these two actions is appropriate and desirable</u>.

Both cases involve the same parties and identical questions of law and fact. Judicial economy unquestionably is served by consolidation, where, as here, it will eliminate the need for various judicial officers to address and rule on precisely the same issues in two "separate" cases. The Court has weighed the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause, and concludes that the balance overwhelmingly favors consolidation. *Huene*, 743 F.2d at 704. Therefore, the Court shall order consolidation of these two cases to preserve the Court's resources.[3]

B. <u>Sovereign Immunity</u>.

The United States and its federal agencies are immune from suit absent a waiver providing for their consent to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *United States v. White Mt. Apache Tribe*, 537 U.S. 465, 472 (2003). A waiver of sovereign immunity is strictly construed in favor of the government, and a plaintiff bears the burden to show that the government has waived its immunity as to the specific claim asserted. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986).

Generally, the United States has waived its sovereign immunity in civil actions under the FTCA "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment…" 28 U.S.C.S. § 1346(b)(1). Under the FTCA, federal courts have exclusive jurisdiction over civil actions seeking monetary damages for torts committed by the

---

[3] The parties have consented to magistrate judge jurisdiction in *Granucci*, No. 1:22-cv-01483-CDB. (Doc. 9). The parties have not yet filed the Election Concerning Consent/Non-Consent to Magistrate Judge Jurisdiction Forms in *Granucci*, No. 1:22-cv-01428-JLT-CDB, but because the parties, facts, and claims are identical across both actions, the Court deems it unnecessary to require an additional consent form in *Granucci*, No. 1:22-cv-01428-JLT-CDB.

4

government and employees acting in the scope of their employment. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

The Postal Reorganization Act ("PRA") provides that Defendant is an independent executive agency of the United States and enjoys sovereign immunity absent a waiver. *See* 39 U.S.C.S. § 201; *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 816 (9th Cir. 2008). The PRA waives the Postal Service's sovereign immunity to a limited extent by granting the Postal Service the power "to sue and be sued in its official name," and it provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); *see Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

However, under the FTCA, Congress has explicitly provided an exception for its waiver of sovereign immunity against Defendant concerning "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This includes "negligen[tly] causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 486 (finding that Section 2680(b) applies categorically to "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late").

Here, Plaintiff asserts Defendant's employees lost or stole his package. *Granucci I* Compl. (Doc. 1 at 9); *Granucci II* Compl. (Doc. 1-1 at 2). Plaintiff's claim against Defendant for lost or mishandled mail falls squarely within the FTCA's postal matter exception. 28 U.S.C. § 2680(b); *see Halousek v. United States Postal Serv.*, No. 2:19-cv-0588-MCE-KJN PS, 2020 WL 2084818, at *3 (E.D. Cal. April 30, 2020) (Plaintiff's claim her mail should have been secured by the post office, and as a result of some unknown and unspecific alleged wrongdoing her retirement checks were lost/missing fell, deemed within the postal matter exception to the FTCA), *F&R adopted*, 2020 WL 12949467 (E.D. Cal. June 10, 2020), *appeal dismissed*, 2022 WL 1310817 (9th Cir. Feb. 23, 2022). Accordingly, because Defendant has not explicitly waived its sovereign immunity for this type of claim, this claim shall be dismissed for lack of subject matter jurisdiction. *Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985).

C. <u>Derivative Jurisdiction</u>.

Defendant also argues this Court lacks jurisdiction under the doctrine of derivative jurisdiction. *Granucci I* Mot. Dismiss (Doc. 3-1 at 4-5; *Granucci II* Mot. Dismiss (Doc. 5-1 at 4-5). When a federal court concludes that it lacks jurisdiction over a removed case, the court generally must remand the case rather than dismiss it. *See* 28 U.S.C. § 1447(c); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). However, the federal court may dismiss the case itself when there is "absolute certainty that remand would prove futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

The derivative jurisdiction doctrine provides that, under certain circumstances, the federal court's jurisdiction over a removed case is "derivative" of the original state court's jurisdiction—that is, if the state court lacked jurisdiction over the case, the federal court does too, even if the case could have originally been brought in federal court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction."); *see also Cox v. USDA.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (because USDA did not waive sovereign immunity, the state court lacked jurisdiction, and "under the derivative jurisdiction doctrine, the district court also lacks jurisdiction over the petition on removal") (*per curiam*). The Ninth Circuit and district courts within the Circuit have consistently applied this doctrine to cases removed under § 1442. *See. E.g., Cox*, 800 F.3d at 1032; *Sadozai v. Def. Lang. Inst.*, 2021 WL 4710564, at *1 (N.D. Cal. Oct. 7, 2021); *Munshower v. City of Lodi*, No. 16-1163, 2016 WL 6875905, at *1–2 (E.D. Cal. Nov. 22, 2016).

Plaintiff filed two suits against Defendant in Small Claims Court of California, Kern County. *Granucci I* Compl. (Doc. 1); *Granucci II* Compl. (Doc. 1-1). Defendant and the United States had not waived the sovereign immunity of its agencies for such lawsuits in state court. Under the FTCA, federal courts possessed exclusive jurisdiction over civil actions against the federal government. *Park Place Assocs.*, *Ltd.*, 563 F.3d at 924. Because the Small Claims Court of California Kern County lacked jurisdiction over Plaintiff's lawsuits, this Court likewise never acquired jurisdiction, and Plaintiff's claims must be dismissed.

Finally, a district court may dismiss a complaint with prejudice "only when it is clear that no amendment could cure a defect in the complaint." *City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009). This Court lacks jurisdiction over both of Plaintiff's lawsuits. Therefore, no amendment can cure Plaintiff's complaints and, thus, dismissal with prejudice is warranted.

## CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, it is HEREBY ORDERED:

1. The actions denominated as *Granucci*, No. 1:22-cv-01428-JLT-CDB and *Granucci*, No. 1:22-cv-01483-CDB are CONSOLIDATED under Rule 42(a);

2. Defendant's motions to dismiss, *Granucci I* Mot. Dismiss (Doc. 3); *Granucci II* Mot. Dismiss (Doc. 5), are GRANTED;

3. Plaintiff's complaints, *Granucci I* Compl. (Doc. 1); *Granucci II* Compl. (Doc. 1), are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close the consolidated action.

IT IS SO ORDERED.

Dated:   **January 26, 2023**

UNITED STATES MAGISTRATE JUDGE

7